UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| KIM NAUGLE and AFRIKA WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>-and-<br><br>DUKE UNIVERSITY HEALTH SYSTEM, INC., WAKEMED, and a Defendant Class of Facebook Partner Medical Providers,<br><br>Defendants. | Case No. 1:22-cv-00727-UA-JEP<br><br>JURY TRIAL DEMANDED |

## PLAINTIFFS' AND META PLATFORMS, INC.'S JOINT MOTION TO SEVER AND TRANSFER CLAIMS AGAINST META PLATFORMS, INC. TO THE NORTHERN DISTRICT OF CALIFORNIA

Plaintiffs Kim Naugle and Afrika Williams ("Plaintiffs") and Defendant Meta Platforms, Inc. ("Meta") hereby jointly move to sever and transfer Plaintiffs' claims against Meta in the putative class action complaint ("Complaint") (Dkt. 1) to the United States District Court for the Northern District of California. In support of their Joint Motion, Plaintiffs and Meta state as follows:

1. Plaintiffs filed the Complaint on September 1, 2022, bringing privacy-related claims against Meta and Defendants Duke University Health System, Inc. ("Duke"), WakeMed, and "a Defendant Class of Facebook Partner Medical Providers," related to Duke, WakeMed, and the Facebook Partner Medical Providers' alleged use of the Meta "Pixel" tool. (Dkt. 1 at ¶¶ 1-3, 10-11.)

2. Plaintiffs' claims against Meta include Breach of Contract (Count One), Breach of the Implied Covenant of Good Faith and Fair Dealing (Count Two), Intrusion Upon Seclusion (Count Three), violation of the Electronic Communications Privacy Act (Count Four), violation of the California Invasion of Privacy Act (Count Five), Negligent Misrepresentation (Count Six), and violation of California's Unfair Competition Law (Count Seven). (Dkt. 1.)

3. Plaintiff's Complaint is a putative class action with a nationwide class of "[a]ll Facebook users who are current or former patients of medical providers in the United States with web properties through which Facebook acquired patient communications relating to medical provider patient portals, appointments, phone calls, and communications associated with patient portal users, for which neither the medical provider nor Facebook obtained a HIPAA, or any other valid, consent." (Dkt. 1 at ¶ 97.)

4. Meta's deadline to respond to the Complaint is currently set for November 8, 2022. (Dkt. 3.) Meta has not yet filed any responsive pleadings.

5. Four other putative class actions against Meta have been filed in the Northern District of California (the "California actions"), including *Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-03580. (Goldman Decl., Exs. A–D.) A fifth case has been transferred from the Northern District of Illinois to the Northern District of California, and a sixth has been transferred from the Western District of Pennsylvania to the Northern District of California (Goldman Decl., Exs. E–F.); these two cases were related to *Doe v. Meta Platforms, Inc.*, Case No. 3:22-cv-03580. (Goldman Decl., Ex. H.) All six of these actions allege similar facts and events and bring similar claims to those that Plaintiffs allege in this action.

6. On October 12, 2022, the court in *Doe v. Meta Platforms, Inc.*, Case No. 22-cv-04680-WHO, in the Northern District of California granted a motion to consolidate the California actions into one case ("*In re Meta Pixel Healthcare Litigation*"). (Goldman Decl., Ex. G.)

7. *In re Meta Pixel Healthcare Litigation* involves a nationwide class that is substantially the same as the class definition Plaintiffs have set forth in this action. (*See, e.g.*, Goldman Decl., Ex. C, ¶ 87 [defining a class of "[a]ll persons who communicated with, or submitted information to, a healthcare provider online on a website or application where the Meta Pixel was installed"].)

8. Counsel for Plaintiffs and counsel for Meta met and conferred regarding *In re Meta Pixel Healthcare Litigation* and its overlapping putative class with Plaintiffs' putative class. Both parties agreed that it would conserve resources and promote judicial economy to sever and transfer Plaintiffs' claims against Meta to the Northern District of California, where they can be streamlined as part of *In re Meta Pixel Healthcare Litigation*.[1] (Goldman Decl. ¶¶ 11-12.) *See* Fed. R. Civ. P. 19(a); *Ballentine v. Town of Coats*, 2012 WL 4471605, at *3 (E.D.N.C. Sept. 26, 2012) ("A court may sever the claims of parties . . . of its own accord").

9. Counsel for Duke and WakeMed confirmed that neither Duke nor WakeMed oppose this Motion. (Goldman Decl. ¶ 13.)

10. Thus, Plaintiffs and Meta respectfully request that this Court enter an order severing Plaintiffs' claims against Meta and transferring those claims to the Northern District of California for consolidation with *In re Meta Pixel Healthcare Litigation*, Case No. 22-cv-03580-WHO.

---

[1] By filing this motion, Meta does not waive and expressly preserves any arguments regarding whether this Court has personal jurisdiction over it.

Dated: October 21, 2022

Respectfully submitted,

By: /s/ Kate M. Baxter-Kauf
Peter H. Burke *(pro hac vice forthcoming)*
James Harrell (NC Bar No. 47787)
**CRUMLEY ROBERTS, LLP**
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: (366) 333-9899
phburke@crumleyroberts.com
jrharrell@crumleyroberts.com

Karen Hanson Riebel *(pro hac vice forthcoming)*
Kate M. Baxter-Kauf *(pro hac vice forthcoming)*
Maureen Kane Berg *(pro hac vice forthcoming)*
**LOCKRIDGE GRINDEL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com
mkberg@locklaw.com

*Attorneys for Plaintiffs*

By: /s/ Matthew T. Martens
Matthew T. Martens (NC Bar No. 31665)
**WILMER CUTLER PICKERING HALE AND DORR LLP**
1875 Pennsylvania Avenue NW
Washington DC 20006
Telephone: (202) 663-6000
matthew.martens@wilmerhale.com

By: /s/ Lauren R. Goldman
Lauren R. Goldman *(pro hac vice pending)*
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
lgoldman@gibsondunn.com

Trenton J. Van Oss *(pro hac vice pending)*
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539
tvanoss@gibsondunn.com

*Attorneys for Defendant Meta Platforms, Inc.*

# CERTIFICATE OF SERVICE

I certify that on October 21, 2022, I electronically filed the foregoing PLAINTIFFS' AND META PLATFORMS, INC.'S JOINT MOTION TO SEVER AND TRANSFER CLAIMS AGAINST META PLATFORMS, INC. TO THE NORTHERN DISTRICT OF CALIFORNIA with the Clerk of Court using the CM/ECF system, which automatically provides electronic notice to all counsel of record.

/s/ *Lauren R. Goldman*
Lauren R. Goldman
New York Bar No. 2952422
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-2375
Facsimile: (212) 716-0875
lgoldman@gibsondunn.com

*Attorney for Defendant Meta Platforms, Inc.*