IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KIM NAUGLE and AFRIKA WILLIAMS, on behalf of themselves and all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 1:22CV727 |
| v. | ) |
| DUKE UNIVERSITY HEALTH SYSTEM, INC., and WAKEMED, | )<br>) |
| Defendants. | ) |

ORDER

This matter is before the Court on a Motion to Dismiss Class Action Complaint filed by Defendant Duke University Health System, Inc. [Doc. #19], a Motion to Sever and Transfer by Defendant WakeMed [Doc. #21], and a Motion to Dismiss Plaintiffs' Class Action Complaint by WakeMed [Doc. #23].

After these motions were filed, Plaintiff Kim Naugle filed a Notice of Voluntary Dismissal Without Prejudice as to Defendant WakeMed [Doc. #44]. In that Notice, Plaintiff Naugle dismissed her claims against WakeMed and gave notice that WakeMed is excluded from the proposed defendant class at this time. With Defendant WakeMed dismissed from this action, the Motions filed by WakeMed are now moot. Further, the pleadings reflect that Plaintiff Kim Naugle was a patient of WakeMed, not of Duke Health, and therefore upon voluntary dismissal of the claims against WakeMed and exclusion of WakeMed from the defendant class, it appears that all claims asserted by Plaintiff Naugle have been dismissed, and

she would no longer be included as a representative for the proposed class. The Court also notes that all claims against Defendant Meta Platforms Inc. have been severed and transferred to the Northern District of California. Thus, it appears that the only remaining named Defendant is Duke University Health System, Inc., that the only remaining pending motion is the Motion to Dismiss [Doc. #19] by Duke University, and that the only remaining named Plaintiff is Afrika Williams.

Given these developments, and given that the Complaint focuses on claims and parties that are no longer part of this suit, the Court concludes that would be helpful for Plaintiffs to file an Amended Complaint that includes only the claims and parties remaining, so that the Court and remaining Defendant have a clear and plain statement of the claims that remain. Therefore, the Court will allow Plaintiffs thirty (30) days to file an Amended Complaint. The filing of an Amended Complaint would moot the remaining pending Motion to Dismiss [Doc. #19], but that Motion can be re-filed as appropriate in response to any Amended Complaint, which would then allow briefing on the clarified claims that Plaintiff is still asserting.[1]

IT IS THEREFORE ORDERED that, in light of Plaintiff Naugle's Notice of Voluntary Dismissal of WakeMed [Doc. #44], Defendant WakeMed's Motion to Sever and Transfer [Doc. #21] and Defendant WakeMed's Motion to Dismiss Plaintiffs' Class Action Complaint [Doc. #23] are terminated as MOOT.

---

[1] The Court notes that the briefing on Duke Health's pending Motion to Dismiss includes claims that Plaintiffs may no longer be asserting, and Plaintiffs' Response is a joint response that includes arguments as to both WakeMed and Duke Health, making the briefing subject to some ambiguity. This lack of clarity can be addressed by allowing new briefing on the clarified remaining claims set out in an Amended Complaint.

2

IT IS FURTHER ORDERED that Plaintiffs have thirty (30) days, until July 28, 2023, to file an Amended Complaint that includes only the claims and parties remaining, so that the Court and remaining Defendant have a clear and plain statement of the claims that Plaintiffs still intend to assert in this action. The filing of an Amended Complaint will render moot the remaining pending Motion to Dismiss [Doc. #19], and that Motion can be re-filed as appropriate within thirty (30) days of the filing of the Amended Complaint, with further briefing as provided in Local Rule 7.3.

This, the 28th day of June, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge