UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
1:22-CV-00727-WO-JEP

| | |
|---|---|
| AFRIKA WILLIAMS, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>DUKEHEALTH,<br>and a Defendant Class of Facebook Partner Medical Providers,<br><br>Defendants. | Case No. 1:22-cv-00727-WO-JEP<br><br>Oral Argument Requested |

## PLAINTIFF'S JURISDICTIONAL POSITION STATEMENT

Plaintiff Afrika Williams ("Plaintiff"), individually and on behalf of all others similarly situated, provides this response to the Report and Recommendation issued March 1, 2024 (ECF No. 53), which was adopted in full on March 27, 2024 (ECF No. 55) (collectively, the "Order").

As a result of the Order, Plaintiff's federal law claim has been dismissed and the basis for federal jurisdiction in the case is the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(b). In the Amended Complaint, Plaintiff pleaded that although both Plaintiff Williams and DukeHealth are citizens of North Carolina, at least one "member of the class is a citizen of a State different from any Defendant." Am. Compl. § 28 (ECF No. 46 at ). The Court noted that Plaintiff did not identify any specific class member who is a member of the class is diverse. ECF No. 53 at 26. As a result, the Order stayed the case for 45 days and requested that Plaintiff "address the

issue of federal jurisdiction under the Class Action Fairness Act, in light of the dismissal of any federal claims." *Id.* at 27. And specifically, the Order requested that Plaintiff "file her position statement identifying an out-of-state class member plaintiff or otherwise addressing the basis for subject matter jurisdiction in this case." *Id.*

The class alleged in the Amended Complaint consists of "All Facebook users who are current or former patients of medical providers in the United States with web properties through which Facebook acquired patient communications relating to medical provider patient portals, appointments, phone calls, and communications associated with patient portal users, for which neither the medical provider nor Facebook obtained a HIPAA, or any other valid, consent." Am. Compl. § 92 (ECF No. 46 at 23). Given the dismissal of claims against medical providers other than DukeHealth for lack of standing (ECF No. 53 at 13), that class definition has been amended, roughly, to "All Facebook users who are current or former patients of DukeHealth for which Facebook acquired patient communications relating to medical provider patient portals, appointments, phone calls, and communications associated with patient portal users, for which neither the medical provider nor Facebook obtained a HIPAA, or any other valid, consent."

Plaintiff lacks independent information about a specific out-of-state class member plaintiff, given that information about DukeHealth's use of the Facebook Meta Pixel is within the custody and control of Defendant and third parties. However, Plaintiff requested informal information from Defendant and understands that approximately 123,972 DukeHealth patient portal users are from outside North Carolina, though this count may include a small number of international patients as well. Plaintiff believes that further discovery will provide additional information on the proper composition of the class. If the Court has any concerns about jurisdiction, Plaintiff believes the appropriate course is to allow formal discovery.

DATED: April 15, 2024

By: */s/James Harrell*
Peter H. Burke*
James Harrell, NC Bar No. 47787
**CR LEGAL TEAM, LLP**
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: (366) 333-9899
phburke@crlegalteam.com
jrharrell@crlegalteam.com

Karen Hanson Riebel*
Kate M. Baxter-Kauf*
Maureen Kane Berg*
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com
mkberg@locklaw.com

*\* Special Appearances Entered*
*Attorneys for Plaintiff and Proposed Class Counsel*

3