UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| AFRIKA WILLIAMS, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DUKEHEALTH,<br>and a Defendant Class of Facebook Partner Medical Providers,<br><br>　　　　Defendants. | Case No. 1:22-cv-00727-WO-JEP |

**AMENDED JOINT RULE 26(F) REPORT**

1.　Pursuant to Fed. R. Civ. P. 26(f) and LR16.1(b), a meeting was held on July 1, 2024 via Zoom and was attended by Kate Baxter-Kauf, Peter Burke, and Maureen Kane Berg, attorneys for Plaintiff and the putative class, and Elizabeth Scully, attorney for Defendant.

2.　**Discovery Plan**. The parties propose to the Court the following discovery plan:

　　a.　There is no pending dispositive motion, but the parties propose that Discovery should be postponed pending an attempt at early resolution of the matter with a private mediator.

　　b.　The "commencement date" of discovery will be: 10 business days after the parties complete private mediation and notify the Court that the matter did not settle. Private mediation is currently tentatively scheduled for September 26, 2024, so the discovery should commence October 10,

2024.

c. Discovery will be needed on the following subjects: Plaintiff anticipates conducting discovery regarding the nature, duration, and scope of the alleged collection of information by Defendant, liability, damages, all third-party tracking technology located on website(s) used or maintained by Defendant, the scope of persons affected by Defendant's use of tracking technology, information to establish the appropriate class period, insurance policies, and other related information. Defendant anticipates conducting discovery from Plaintiff on her claims, including, but not limited to the following: 1) any materials related to Plaintiff's use of Meta products; 2) any materials related to Plaintiff's use of Defendant's websites; 3) any materials related to Plaintiff's dissemination of information about her health; and 4) any materials related to Plaintiff's alleged damages. Defendant will additionally seek discovery related to the lack of commonality, typicality, and the other elements required by Rule 23 for class certification.

d. Discovery shall be placed on a case-management track established in LR 26.1. The parties agree that the appropriate plan for this case (with any stipulated modification by the parties as set out below) is that designated in LR 26.1(a) as: Exceptional.

   i. The date for the completion of all discovery (general and expert) is: 9 months from the date of the commencement date of discovery

as established above, which is July 10, 2025.

    ii. Stipulated modifications to the case management track include: N/A.

    iii. Reports required by Rule 26(a)(2)(B) and disclosures required by Rule 26(a)(2)(C) are due during the discovery period:

1. From Plaintiff(s) by 2 months before the end of discovery, which is May 9, 2025.
2. From Defendant(s) by 1 month before the end of discovery, which is June 10, 2025.

    iv. Supplementations will be as provided in Rule 26(e) or as otherwise ordered by the court.

3. Mediation. The parties agree that an early mediation is appropriate prior to the commencement of the discovery period, the exact date to be set by the mediator after consultation with the parties. The parties agree that the mediator shall be Jill Sperber. The parties notify the Court that a date for mediation has been set, and is currently tentatively set to occur September 26, 2024. The parties will advise the Court if that date moves for any reason as soon as practicable.

4. Preliminary Deposition Schedule. Preliminarily, the parties agree to the following schedule for depositions: deposition to be conducted after four months of written and document discovery, starting February 10, 2025, and completed within two months, by April 10, 2025. The parties will update this schedule at reasonable intervals.

5. Other items.

a. Plaintiff(s) should be allowed until 60 days after the commencement of discovery to request leave to join additional parties or amend pleadings, which is December 10, 2024.

b. Defendant(s) should be allowed until 60 days after the commencement of discovery to request leave to join additional parties or amend pleadings, which is December 10, 2024.

c. After these dates, the Court will consider, inter alia, whether the granting of leave would delay trial.

d. The parties have discussed special procedures for managing this case, including reference of the case to a Magistrate Judge on consent of the parties under 28 U.S.C. §§636(c), or appointment of a master: no agreements on any of these matters.

e. Trial of the action is expected to take approximately 10 days. A jury trial has been demanded.

f. The parties discussed whether the case will involve the possibility of confidential or sealed documents. The case may involve confidential or sealed documents and the parties will separately file a LR 5.5 Report.

g. The basis of federal subject matter jurisdiction is diversity. The parties have reviewed the Federal Rule 7.1 and Local Rule 7.7 disclosures to confirm diversity, including citizenship of all members of an LLC and partners of a partnership.

Respectfully submitted,

DATED: July 15, 2024

By: */s/James Harrell*
Peter H. Burke*
James Harrell, NC Bar No. 47787
**CR LEGAL TEAM, LLP**
2400 Freeman Mill Road, Suite 200
Greensboro, NC 27406
Telephone: (366) 333-9899
phburke@crlegalteam.com
jrharrell@crlegalteam.com

Karen Hanson Riebel*
Kate M. Baxter-Kauf*
Maureen Kane Berg*
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com
mkberg@locklaw.com

*\* Special Appearances Entered*
   *Attorneys for Plaintiff and Proposed Class Counsel*

MCGUIREWOODS LLP

Mark E. Anderson (Bar No. 15764)
manderson@mcguirewoods.com
501 Fayetteville Street, Suite 500
Raleigh, North Carolina 27601
Phone:  919.755.6600
Fax:  919.755.6699

BAKER & HOSTETLER LLP

*/s/Elizabeth A. Scully*
Elizabeth A. Scully (by special appearance)
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
Fax: (202) 861-1783

escully@bakerlaw.com

Paul G. Karlsgodt (by special appearance)
1801 California Street, Suite 4400
Denver, CO 80202
Tel: (303) 861-0600
Fax: (303) 861-7805
pkarlsgodt@bakerlaw.com

*Attorneys for Duke University Health System, Inc., improperly named as DukeHealth*