**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**WINSTON-SALEM DIVISION**

|  |  |
|---|---|
| AFRIKA WILLIAMS,<br><br>           Plaintiff,<br><br>    v.<br><br>DUKE UNIVERSITY HEALTH<br>SYSTEM, INC.,<br><br>        Defendant. | Case No. 1:22CV00727 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR**
<u>**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**</u>

# TABLE OF CONTENTS

I.   INTRODUCTION .................................................................................................... 1

II.  BACKGROUND .................................................................................................... 2

    A.   History of the Litigation.................................................................................2

    B.   Settlement Negotiations .................................................................................3

    C.   Terms of the Settlement .................................................................................3

        1.   The Settlement Class........................................................................... 3

        2.   The Settlement Benefits...................................................................... 4

        3.   Administration of Notice and Claims ................................................. 5

        4.   Exclusions and Objections.................................................................. 5

        5.   Attorneys' Fees, Expenses, and Service Awards to Class Representatives.......... 7

    D.   Final Approval Hearing..................................................................................7

III.  LEGAL STANDARDS FOR PRELIMINARY APPROVAL, CONDITIONAL CLASS CERTIFICATION, AND APPROVAL OF THE NOTICE FORM.................................... 7

    A.   Preliminary Approval of Settlement ...............................................................7

    B.   Conditional Class Certification.......................................................................9

    C.   Notice Form Approval ..................................................................................10

IV.  ARGUMENT........................................................................................................ 10

    A.   Courts Consistently Favor Settlement Agreements, Particularly in the Context of Class Actions. ......................................................................................................10

    B.   This Court Should Conditionally Certify this Lawsuit because the Requirements of Rule 23(a) and Rule 23(b)(3) are Satisfied and the Proposed Settlement Class is Ascertainable..............................................................................................11

        1.   The Settlement Class is Ascertainable .............................................. 11

        2.   The Requirements of Rule 23(a) Factors are Satisfied. ..................... 12

            a.   Numerosity................................................................................ 12

            b.   Commonality and Typicality ..................................................... 13

       c.    Adequacy of Representation ....................................................... 14

    3.    The Requirements of Rule 23(b)(3) are Satisfied. .............................. 15

       d.    Common Questions Predominate ................................................ 15

       e.    A Class Action is the Superior Method for Adjudicating this Matter. ..... 16

V.    PLAINTIFF'S NOTICE FORM AND PLAN SATISFY THE  REQUIREMENTS OF THIS COURT ..................................................................................... 16

VI.    CONCLUSION.................................................................................... 17

4916-7657-3756.1

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*" Gariety v. Grant Thornton, LLP*,
    368 F.3d 356 (4th Cir. 2004) .................................................................................................15

*Amchem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997)...........................................................................................................9, 10

*Brady v. Thurston Motor Lines*,
    726 F.2d 136 (4th Cir. 1984) .................................................................................................13

*Brown v. Nucor Corp.*,
    576 F.3d 149 (4th Cir. 2009) .................................................................................................15

*Clark v. Duke Univ.*,
    No. 1:16-CV-1044, 2018 WL 1801946 (M.D.N.C. Apr. 13, 2018) .......................................14

*Comcast Corp. v. Behrend*,
    569 U.S. 27, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013)........................................................11

*Covarrubias v. Capt. Charlie's Seafood, Inc.*,
    No. 2:10-CV-10-F, 2011 WL 2690531 (E.D.N.C. July 6, 2011) .............................................9

*Eisen v. Carlisle & Jacquelin*,
    417 U.S. 156 (1974)...............................................................................................................10

*Fisher v. Va. Elec. & Power Co.*,
    217 F.R.D. 201 (E.D. Va. 2003) ...........................................................................................10

*Gamas v. Scott Farms, Inc.*,
    No. 5:13-CV-447-FL, 2014 WL 12546373 (E.D.N.C. Dec. 24, 2014) ....................................9

*General Telephone Company of Southwest v. Falcon*,
    457 U.S. 147 (1982)...............................................................................................................13

*Gunnells v. Healthplan Servs., Inc.*,
    348 F.3d 417 (4th Cir. 2003) .................................................................................................14

*Hall v. Higher One Machines, Inc.*,
    No. 5-15-CV-670-F, 2016 WL 5416582 (E.D.N.C. Sept. 26, 2016).......................................9

*Haywood v. Barnes*,
    109 F.R.D. 568 (E.D.N.C. 1986) ...........................................................................................14

*Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    855 F. Supp. 825 (E.D.N.C. 1994)...........................................................................................8

4916-7657-3756.1

*In re Hulu Privacy Litig.*,
  No. C 11-03764, 2014 WL 2758598 (N.D. Cal. Jun. 17, 2014) .................................................15

*In re Jiffy Lube Sec. Litig.*,
  927 F.2d 155 (4th Cir. 1991) ........................................................................................8, 9

*Kidwell v. Transp. Commc'ns Int'l Union*,
  946 F.2d 283 (4th Cir. 1991) ................................................................................................13

*Kim v. Detroit Med. Informatics, LLC*,
  2019 U.S. Dist. LEXIS 204014 (E.D. Mich., Nov. 25, 2019) ................................................12

*Krakauer v. Dish Network, LLC*,
  925 F.3 ................................................................................................................................12

*Krakauer v. Dish Network, LLC*,
  925 F.3d 643 (4th Cir. 2019) ..............................................................................................12

*Lomascolo v. Parsons Brinckerhoff, Inc.*,
  No. 1:08cv1310, 2009 WL 3094955 (E.D. Va. Sept. 28, 2009) .............................................8

*Lorenzo v. Prime Commc'ns, L.P.*,
  No. 5:12-CV-69-H(2), 2014 WL 10987818 (E.D.N.C. Jan. 15, 2014) ..................................16

*Matthews v. Cloud 10 Corp.*,
  No. 14-00646, 2015 U.S. Dist. LEXIS 114586 (W.D.N.C. Aug. 27, 2015) ...........................8

*In re Meta Pixel Healthcare Litigation*,
  Case No. 3:22-cv-03580-WHO ........................................................................................2, 9

*In re MicroStrategy, Inc. Sec. Litig.*,
  148 F. Supp. 2d 654 (E.D. Va. 2001) ................................................................................8, 9

*In re NeuStar, Inc. Sec. Litig.*,
  No. 1:14CV885, 2015 WL 5674798 (E.D. Va. Sept. 23, 2015) ...............................................9

*In re PaineWebber Ltd. P'ships Litig.*,
  147 F.3d 132 (2d Cir. 1998) ..............................................................................................10

*Palma v. Metropcs Wireless, Inc.*,
  No. 8:13-cv-698-T-33, 2014 U.S. Dist. LEXIS 7787 (M.D. Fla. Jan. 22, 2014) ...................12

*Rhodes v. Truman Med. Ctr.*,
  No. 4:13-CV-00990, 2014 WL 4722285 (W.D. Mo. Sept. 23, 2014) ....................................12

*Six v. LoanCare, LLC*,
  No. 5:21-cv-451, 2022 WL 16747291 (S.D. W. Va. Nov. 7, 2022).........................................4

iv

4916-7657-3756.1

*Tatum v. R.J. Reynolds Tobacco Co.,*
    254 F.R.D. 59 (M.D.N.C. 2008) ..................................................................14

*Thorn v. Jefferson-Pilot Life Ins. Co.,*
    445 F.3d 311 (4th Cir. 2006) ....................................................................11

*United States v. Manning Coal Corp.,*
    977 F.2d 117 (4th Cir. 1992) ....................................................................10

*Wal-Mart Stores, Inc. v. Dukes,*
    564 U.S. 338, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011) ...............11, 13

*In re Zetia (Ezetimibe) Antitrust Litig.,*
    7 F.4th 227 (4th Cir. 2021) .......................................................................13

**Statutes**

Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ..........................................7

Electronic Communications Privacy Act ...............................................................3

**Other Authorities**

Court, Rule 23(e)(1)(A) .........................................................................................7

Fed. R. Civ. P. 23(a)(1) ........................................................................................12

Fed. R. Civ. P. 23(a)(2) ........................................................................................13

Fed. R. Civ. P. 23(a)(3) ........................................................................................13

Fed. R. Civ. P. 23(a)(4) ........................................................................................14

Fed. R. Civ. P 23(c)(2) ...........................................................................................1

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................5, 10

Fed. R. Civ. P. 23(c) and (e) ................................................................................17

Fed. R. Civ. P. 23(e)(2) ..........................................................................................7

Fed. R. Civ. P. 23(h) .............................................................................................17

Federal Rule of Civil Procedure 23(a) .......................................................11, 12, 13

Federal Rule of Civil Procedure 23(e) ....................................................................7

LR 83.9d(a) .............................................................................................................3

4916-7657-3756.1

*Manual for Complex Litigation, Fourth*, §13.14 (Fed. Jud. Ctr. 2004) ...................................11, 17

Rule 23 ........................................................................................................ *passim*

Rule 23(b) .......................................................................................................9, 11

Rule 23(b)(3) .................................................................................................10, 15

Rule 23(g)(4)........................................................................................................15

4916-7657-3756.1

## I. INTRODUCTION

Plaintiff Afrika Williams (the "Plaintiff"), individually and on behalf of the Class she seeks to represent, has reached a settlement with Defendant Duke University Health System, Inc.'s ("DUHS[1]" or "Defendant") (Plaintiff together with the Defendant, the "Parties") to resolve claims arising from Defendant's alleged use of an Internet tracking technology supplied by a third party, called a pixel (referred to as a "Tracking Tool" herein) which Plaintiff claims may have caused the disclosure of certain personal or health-related information to a vendor.

While Defendant denies the Plaintiff's allegations and denies any liability, the Parties have determined to settle the Litigation, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation relating to Defendant's alleged use of Tracking Tools. As further explained herein, the terms of the proposed Settlement are fair, adequate, and reasonable; the proposed Settlement Class meets the requirements for certification for purposes of settlement; and the proposed notice program provides the best practicable notice under the circumstances and comports with Fed. R. Civ. P 23(c)(2). Accordingly, Plaintiff respectfully requests that the Court take the first step in the approval process and enter the proposed Preliminary Approval Order, which: (1) grants preliminary approval of the proposed Settlement; (2) conditionally certifies for settlement purposes the Settlement Class contemplated by the Settlement Agreement;[2] (3) orders that the proposed Notice be sent to the Settlement Class; and (4) schedules

---

[1] *See* Dkt. 46. Defendant states that its proper name is Duke University Health Systems, Inc. ("DUHS"), which the Parties will use herein.

[2] The Settlement Agreement ("S.A." or "Settlement Agreement") is attached as **Exhibit 1**. Capitalized terms herein have the same meanings as defined in the Settlement Agreement.

4916-7657-3756.1

a final approval hearing to consider final approval of the proposed Settlement, as well as approval of attorneys' fees, costs, and a service award to the Plaintiff.[3]

## II. BACKGROUND

### A.    History of the Litigation

On September 1, 2022, Plaintiffs Kim Naugle and Afrika Williams filed a class action complaint in the United States District Court for the Middle District of North Carolina (the "Court") captioned *Kim Naugle and Afrika Williams v. Meta Platforms, Inc. -and- Duke University Health System, Inc., WakeMed, and a Defendant Class of Facebook partner Medical Providers*, Case No. 1:22-cv-00727 asserting negligence and other common law and statutory claims relating to Defendant's alleged use of a Tracking Tool on its website, which Plaintiff claims may have led to the disclosure of certain personal or health-related information to a vendor when she and others visited Defendant's website. On December 28, 2022, Magistrate Judge Joi Elizabeth Peake granted a Joint Motion to Transfer and Sever the claims against Meta Platforms, Inc., and transferred them to the United States District Court for the Northern District of California for coordination with *In re Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-03580-WHO.  On April 21, 2023, Plaintiff Kim Naugle voluntarily dismissed her case from this Court and consolidated her claims against WakeMed into an existing state court case.  On July 28, 2023, Plaintiff Afrika Williams filed an Amended Class Action Complaint ("Complaint") under this case number and retitled, *Afrika Williams v. DukeHealth and a Defendant Class of Facebook Partner Medical Providers* (the "Litigation"). On March 27, 2024, the Court granted in part and denied in part, Defendant's Motion to Dismiss Plaintiff's Complaint dismissing Plaintiff's claims for intrusion upon seclusion—

---

[3] Plaintiff will file a separate motion for attorneys' fees, expenses, and a Class Representative service award before filing the motion seeking final approval of the settlement. Plaintiff has proposed a schedule for the filing of these motions in the Proposed Order.

invasion of privacy, violation of the Electronic Communications Privacy Act, negligent misrepresentation, and negligence per se, and permitting Plaintiff's negligence and breach of contract claim to proceed. Dkt. 55.

## B. Settlement Negotiations

On July 18, 2024, the Court entered a Mediation Scheduling Order and appointed skilled mediator Jill Sperber pursuant to LR 83.9d(a). The Parties participated in mediation sessions with Ms. Sperber on December 6, 2024, and February 25, 2025. With the assistance of Ms. Sperber, the Parties reached an agreement in principle to resolve the Litigation. Declaration of Kate Baxter-Kauf in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement ("Baxter-Kauf Dec."), ¶ 13 (attached as **Exhibit 2**). The first mediation session was productive, but did not result in a settlement in principle. *Id*. Over the next several weeks, the Parties continued to negotiate and ultimately reached an agreement in principle on a settlement during the February 25, 2025 mediation session. *Id*. Throughout their negotiations, the Parties engaged in an extensive evaluation and discussion of the relevant facts and law, and the Parties carefully considered the risk and uncertainties of continued litigation. *Id*. The Parties diligently negotiated, drafted, and finalized the Settlement Agreement, notice forms, and claims process. *See id*., ¶ 8 and Settlement Agreement attached as Exhibit 1.

## C. Terms of the Settlement

As described in the Settlement Agreement, the settlement benefits are substantial and will be paid from a $3,743,600 non-reversionary settlement fund.

### 1. The Settlement Class

The Settlement Class is defined as all individuals residing in the United States who logged into the Duke MyChart patient portal or MyDuke Health mobile app at least once between February 18, 2019, and June 17, 2022. Excluded from the Class are: (i) Defendant, and Defendant's

4916-7657-3756.1

affiliates, parents, subsidiaries, officers, and directors; (ii) any judge, justice, or judicial officer presiding over the Litigation and the members of their immediate families and clerks of said judge(s); and (iii) any individual who timely and validly excludes themselves from the Settlement. The Settlement Class consists of approximately 872,634 individuals. S.A. ¶ 14(ll).

### 2. The Settlement Benefits

Pursuant to the Settlement, DUHS will establish a $3,743,600 non-reversionary Settlement Fund. *Id.*, ¶¶ 14(nn), 18, 21. Settlement Class Members ("Class Members") will have an opportunity to submit a claim for a pro rata share of the Settlement Fund. *Id*., ¶ 28. To submit a claim, a Class Member need only submit a Claim Form before the Claim Deadline. *Id*., ¶ 34. The monetary relief will be distributed to all Settlement Class Members who submit a valid claim for payment from the Settlemetn Fund. *Id.* To calculate the Cash Payment to each Class Member, the Settlement Administrator will first distribute monies from the Settlement Fund as outlined in the Settlement Agreement and then divide the Net Settlement Fund pro rata amongst the Class Members who filed valid Claim Forms. No portion of the Settlement Fund will revert back to the Defendant unless there is a Termination of the Settlement. *Id.* ¶ 21. The Settlement's finality and the Settlement Class Member benefits are not dependent on the Court awarding either attorneys' fees and expenses to Settlement Class Counsel or a service award to the Plaintiff. *Id.* ¶ 68.

Here, the benefits to the Class outweigh the risk, time delay, and net expected value of continued litigation. *Six v. LoanCare, LLC*, No. 5:21-cv-451, 2022 WL 16747291, at *3 (S.D. W. Va. Nov. 7, 2022); *see also* Exhibit 2 at ¶¶ 11-12, 15-16.

In exchange for the consideration above, Plaintiff and the Settlement Class Members who do not timely and validly exclude themselves from the Settlement will be deemed to have released

4916-7657-3756.1

Defendant from claims arising from or related to the alleged Pixel Disclosure and Defendant's use of Tracking Tools. *Id.* at ¶¶ 83-85.

### 3.  Administration of Notice and Claims

The Parties have agreed in the Settlement Agreement that Class Counsel will engage Epiq Class Action & Claims Solutions ("Epiq" or "Settlement Administrator") to act as the Settlement Administrator to oversee the administration of the Settlement. Declaration of Cameron R. Azari, Esq. Regarding Notice Program ("Azari Dec."), ¶ 1 (attached as **Exhibit 3**). Direct notice will be provided via email (in substantially similar form to Exhibit B to the Settlement Agreement) and/or U.S. mail (in substantially similar form to Exhibit C to the Settlement Agreement) to all Settlement Class Members for whom Defendant has a valid email and/or mail addresses. S.A. ¶¶ 43, 45.

The notice documents are clear and concise and directly apprise Settlement Class Members of all the information they need to know to make a claim or to opt-out of or object to the Settlement. Fed. R. Civ. P. 23(c)(2)(B). A Settlement Website will be established and administered by the Settlement Administrator, and shall contain information about the Settlement, including electronic copies of Exhibits A through D[4] to the Settlement Agreement (or any forms of these notices that are approved by the Court), the Settlement Agreement, and all Court documents related to the Settlement. S.A. ¶ 48. The Settlement Website is viewed as an important piece of the notice plan to Class Members. Furthermore, a toll-free help line shall be made available to provide Settlement Class Members with information relevant to this Settlement. *Id.*

### 4.  Exclusions and Objections

The Notice shall explain the procedure for Settlement Class Members to exclude themselves or "opt-out" of the Settlement by submitting a Request for Exclusion to the Settlement

---

[4] The Preliminary Approval Order ("P.O." or "Proposed Order") is attached as **Exhibit D**. Capitalized terms herein have the same meanings as defined in the Preliminary Approval Order.

4916-7657-3756.1

Administrator postmarked no later than the Opt-Out Date. S.A. ¶ 61, Exs. B-C. The proposed Opt-Out Date is sixty (60) days after the Notice Date. S.A. ¶ 14(v). The Request for Exclusion must (a) identify the case name and number of the Litigation; (b) state the Settlement Class Member's full name, address and telephone number; (c) contain the Settlement Class Member's personal and original signature; (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement; and (e) request exclusion only for that one Settlement Class Member whose personal and original signature appears on the request. *Id.*, at ¶ 14(hh). All Requests for Exclusion must be submitted individually in connection with a Class Member, i.e., one request is required for every Class Member seeking exclusion. *Id*., ¶ 62. Any Settlement Class Member who does not file a timely Request for Exclusion will lose the opportunity to exclude himself or herself from the Settlement and will be bound by the Settlement. *Id*., ¶ 64.

The Notice shall also explain the procedure for Settlement Class Members to object to the Settlement or Fee Application by filing written objections with the Court no later than the Objection Deadline. *Id*., ¶¶ 54, 57. The proposed Objection Deadline is also sixty (60) days after the Notice Deadline. *Id.* ¶ 57. A written objection must (i) include the case name and number of the Litigation; (ii) set forth the Settlement Class Member's full name, current address, telephone number, and email address; (iii) contain the Settlement Class Member's personal and original signature; (iv) if the objecting Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting his or her objection, the name, address, telephone number, and email address of the attorney; (v) contain a statement indicating the basis for the objecting Settlement Class Member's belief that he or she is a member of the Settlement Class; (vi) state whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) set forth a statement of the legal and/or

4916-7657-3756.1

factual basis for the Objection; and (viii) state whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through counsel. *Id.*, ¶ 55.

### 5. Attorneys' Fees, Expenses, and Service Awards to Class Representatives

The Parties did not discuss attorneys' fees or service awards until after the Settlement Fund amount was set. The Settlement Agreement contemplates that fifteen (15) days before the Opt-Out and Objection Deadlines Plaintiff will move the Court for an award of attorneys' fees not to exceed one-third (33 1/3%) of the non-reversionary fund, or $1,247,866, and costs and expenses of no more than $30,000. S.A. ¶¶ 65, 67. Plaintiff will also move the Court for a reasonable service award of $7,500 to Plaintiff, in recognition of her efforts on behalf of the Class. *Id.*, ¶ 66.

### D. Final Approval Hearing

If the proposed Settlement Class is certified and the Settlement preliminarily approved, Plaintiff respectfully requests that the Court set a Final Approval Hearing within a reasonable time after the Notice Deadline, Objection Deadline, and Opt-Out Date; and at least 90 days after the Settlement Administrator notifies the appropriate government officials of this Settlement Agreement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

## III. LEGAL STANDARDS FOR PRELIMINARY APPROVAL, CONDITIONAL CLASS CERTIFICATION, AND APPROVAL OF THE NOTICE FORM.

### A. Preliminary Approval of Settlement

Federal Rule of Civil Procedure 23(e) requires judicial approval of any proposed settlement of claims brought on behalf of a class. *See* Fed. R. Civ. P. 23(e) ("The claims . . . of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . only with the court's approval."). Courts may approve a proposed class settlement upon a "finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To assist the Court, Rule

4916-7657-3756.1

23(e)(1)(A) requires the parties to "provide the Court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Courts in the Fourth Circuit follow a bifurcated approach to determine whether a settlement is "fair, reasonable, and adequate" under Rule 23. *See In re MicroStrategy, Inc. Sec. Litig.*, 148 F. Supp. 2d 654, 663 (E.D. Va. 2001) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir. 1991)).

First, at the preliminary approval stage, the court determines whether the proposed Settlement is "within the range of possible approval" or, whether there is "probable cause" to give notice of the proposed Settlement to class members. *See Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994). The primary issue before the Court is whether the proposed Settlement is within the range of what might be found fair, reasonable, and adequate. *Matthews v. Cloud 10 Corp.*, No. 14-00646, 2015 U.S. Dist. LEXIS 114586, at *4 (W.D.N.C. Aug. 27, 2015).

The Fourth Circuit has laid out a series of factors for courts to consider when determining whether a proposed settlement is fair and adequate and, thereby, reasonable. *Jiffy Lube*, 927 F.2d at 159. To determine the fairness of a proposed Settlement, the Court considers: (1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of class action litigation. *Id.* There is a "strong presumption in favor of finding a settlement fair." *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009) (internal quotation omitted). To determine the adequacy of a proposed Settlement, the Court considers: (1) the relative strength of the plaintiff's case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiff is likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the

defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement. *Jiffy Lube*, 927 F.2d at 159; *MicroStrategy*, 148 F. Supp. 2d at 665.

In making the determination of preliminary approval, the Court does not answer the ultimate question of whether the proposed Settlement is fair, reasonable, and adequate; this analysis is reserved for the second stage of the settlement approval process. Instead, the first stage of the settlement approval process is focused on whether the settlement is sufficiently adequate to permit notice to be sent to the class. *See Hall v. Higher One Machines, Inc.*, No. 5-15-CV-670-F, 2016 WL 5416582, at *5 (E.D.N.C. Sept. 26, 2016)

("If the proposed settlement is preliminarily acceptable, the court then directs that notice be provided to all class members who would be bound by the proposed settlement in order to afford them an opportunity to be heard on, object to and opt out of the settlement."). "There is a strong judicial policy in favor of settlement, in order to conserve scarce resources that would otherwise be devoted to protracted litigation." *Covarrubias v. Capt. Charlie's Seafood, Inc.*, No. 2:10-CV-10-F, 2011 WL 2690531, at *2 (E.D.N.C. July 6, 2011).

## B.    Conditional Class Certification

"When a settlement is reached prior to Rule 23 certification, the law permits a class to be certified solely for the purposes of settlement." *Gamas v. Scott Farms, Inc.*, No. 5:13-CV-447-FL, 2014 WL 12546373, at *2 (E.D.N.C. Dec. 24, 2014). A district court faced with a settlement-only class need not inquire whether the class would present intractable problems with trial management but must analyze whether the other requirements for certification must have been satisfied. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997). To approve a class settlement, the Court must still consider the requirements for class certification under Rule 23. *In re NeuStar, Inc. Sec. Litig.*, No. 1:14CV885, 2015 WL 5674798, at *2 (E.D. Va. Sept. 23, 2015). The Settlement Class must also satisfy one of the categories of Rule 23(b). *Id*. However, the Court may disregard

9

the manageability concerns of Rule 23(b)(3) because the Court may properly consider that there will be no trial. *See Amchem*, 521 U.S. at 620.

### C.     Notice Form Approval

As part of the preliminary approval process, the district court must also approve the notice of the settlement that the Parties propose be sent to Class Members. *See* Fed. R. Civ. P. 23(c)(2)(B). The notice must comport with due process and provide the "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.*; *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Rule 23 leaves the form of the notice to the Court's discretion. *See Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 227 (E.D. Va. 2003) ("a court may exercise its discretion to provide the best notice practicable under the circumstances."); *see also* Fed. R. Civ. P. 23(c)(2)(B).

## IV. ARGUMENT

The proposed Settlement warrants preliminary approval. Evaluation under the enumerated Rule 23 factors set out above confirms that the proposed Settlement is fair, adequate, and reasonable; accordingly, the Court should grant preliminary approval, and issue notice of the Settlement to the Settlement Class.

### A.     Courts Consistently Favor Settlement Agreements, Particularly in the Context of Class Actions.

"It has long been clear that the law favors settlement." *United States v. Manning Coal Corp.*, 977 F.2d 117, 120 (4th Cir. 1992). This is particularly true in class actions. *In re PaineWebber Ltd. P'ships Litig.*, 147 F.3d 132, 138 (2d Cir. 1998) (noting the "strong judicial policy in favor of settlements, particularly in the class action context")

The Court reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.

*Manual for Complex Litigation, Fourth*, §13.14, at 172-73 (Fed. Jud. Ctr. 2004) ("Manual Fourth"). The Court is not required at this point to make a final determination: The judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement, and date of the final fairness hearing. *Id.* § 21.632, at 321. Preliminary approval is the first step in a two-step process required before a class action may be finally settled. *Id.* at 320. Courts first make a preliminary evaluation of the fairness of the settlement, prior to notice. *Id.* at 320-21.

**B.  This Court Should Conditionally Certify this Lawsuit because the Settlement Class Satisfies The Requirements for Class Certification at the Preliminary Approval Stage.**

A plaintiff seeking class certification "must affirmatively demonstrate [her] compliance" with Federal Rule of Civil Procedure 23. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 180 L. Ed. 2d 374 (2011). A plaintiff must do so using "evidentiary proof." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33, 133 S. Ct. 1426, 185 L. Ed. 2d 515 (2013). As the party moving for class certification, Plaintiff bears the burden of demonstrating that the class complies with Rule 23. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006).

Federal Rule of Civil Procedure 23(a) provides that "[o]ne or more members of a class may sue . . . as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).  After satisfying Rule 23(a), a plaintiff must also show that the action falls under one of the three types of classes listed in Rule 23(b).

**1.  The Settlement Class is Ascertainable**

4916-7657-3756.1

The Fourth Circuit reads into Rule 23 an implied requirement of "ascertainability," meaning that a court must be able to "readily identify the class members in reference to objective criteria." *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 654 (4th Cir. 2019). The Settlement Class satisfies this requirement as it includes "all individuals who logged into the Duke MyChart patient portal or MyDuke Health mobile app at least once between February 18, 2019, and June 17, 2022." S.A. ¶ 14(ll); P.O. ¶ 6. Accordingly, objective criteria define the Settlement Class by using a specific act, logging into the patient portal or MyDuke Health mobile app, that occurred during a specific period. During informal discovery, Duke identified the Settlement Class as containing approximately 872,634 individuals. *See* P.O. ¶ 6.

At this stage of the proceedings, a plaintiff is not required to identify every class member, but rather, only to "ensure that there will be some 'administratively feasible [way] for the court to determine whether a particular individual is a member' at some point." *Krakauer v. Dish Network, LLC*, 925 F.3 at 658. Nonetheless, Duke Health will provide a list of e-mail addresses[5] and or U.S. mail addresses to the Settlement Administrator in order to facilitate notice and the submission of claims.

### 2. The Requirements of Rule 23(a) Factors For the Settlement Class are Satisfied.

#### a. Numerosity

The first prong of Rule 23(a) requires that the proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While "[n]o specified number is needed

---

[5] *Kim v. Detroit Med. Informatics, LLC*, 2019 U.S. Dist. LEXIS 204014, at *11 (E.D. Mich., Nov. 25, 2019) (Courts nationwide now recognize that e-mail notice increases the likelihood that all plaintiffs will receive notice of the lawsuit); *Palma v. Metropcs Wireless, Inc.*, No. 8:13-cv-698-T-33, 2014 U.S. Dist. LEXIS 7787, at *2 (M.D. Fla. Jan. 22, 2014) ("A number of courts have determined that email is an inexpensive and appropriate means of delivering notice of an action to a class.") *Rhodes v. Truman Med. Ctr.*, No. 4:13-CV-00990, 2014 WL 4722285, at *5 (W.D. Mo. Sept. 23, 2014) ("[E]mail provides an efficient and cost-effective means of disseminating notice documents and has been endorsed by courts in the past.").

4916-7657-3756.1

to maintain a class action," *Brady v. Thurston Motor Lines*, 726 F.2d 136, 145 (4th Cir. 1984) (internal quotations omitted), generally, "a class of 40 or more members raises a presumption of impracticability of joinder based on numbers alone," *In re Zetia (Ezetimibe) Antitrust Litig.*, 7 F.4th 227, 234 (4th Cir. 2021)  Here, numerosity is easily met because there are approximately 872,634 individuals Duke Health has identified as comprising the Settlement Class.

### b.     Commonality and Typicality

The requirements for typicality and commonality often merge. *See Kidwell v. Transp. Commc'ns Int'l Union*, 946 F.2d 283, 305 (4th Cir. 1991). *General Telephone Company of Southwest v. Falcon,* 457 U.S. 147, 157 n.13 (1982) (requirements merge because both relate to whether the claims of the plaintiffs and those of the class are so similar as to ensure that the class members' interests will be sufficiently protected)

In order to satisfy the commonality requirement, there must be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  As the Supreme Court recognized in *Wal-Mart Stores, Inc. v. Dukes*, a "single common question" will satisfy the commonality requirement so long as it is "of such a nature that its determination will resolve an issue that is central to the validity of each one of the claims in one stroke." 564 U.S. at 350. Questions common to the Settlement Class include: (1) whether Duke Health's privacy policy formed an implied contract; (2) whether Duke disclosed patient health information without their patient's consent; (3) whether Duke's alleged disclosure of patient's health information constituted a breach of contract; (4) whether Duke had a duty of care to protect its patients' health information; and (5) whether Duke breached said duty of care. These common questions satisfy the commonality prong of Rule 23(a).

To satisfy typicality, the claims of the named Plaintiff must be typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Typicality is met when the claims asserted by the named Plaintiff arise from the same course of conduct and are based on the same legal theories as the claims of

4916-7657-3756.1

other class members. *Haywood v. Barnes*, 109 F.R.D. 568, 578 (E.D.N.C. 1986). Here, Plaintiff's breach of contract and negligence claims arise from the same underlying facts as those of the putative class members. Therefore, the typicality requirement is met here because "the claims asserted by the named plaintiff[] arise from the same course of conduct and are based on the same legal theories as the claims of the unnamed class members." *Tatum v. R.J. Reynolds Tobacco Co.*, 254 F.R.D. 59, 65 (M.D.N.C. 2008)

### c. Adequacy of Representation

A Plaintiff must also demonstrate she will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This subpart "serves to uncover conflicts of interest between named parties and the class they seek to represent" as well as to evaluate "competency and conflicts of class counsel." *Clark v. Duke Univ.*, No. 1:16-CV-1044, 2018 WL 1801946, at *7 (M.D.N.C. Apr. 13, 2018). Ms. Williams has no conflict or antagonistic interests to those of the class, as she logged into the Duke MyChart patient portal during the relevant period just like other members of the Settlement Class.

And although Ms. Williams has agreed to bring this suit in a representative capacity, she is not required nor expected to have detailed expertise regarding the claims advanced or Defendant's defenses. *See Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 430 (4th Cir. 2003) ("It is hornbook law ... that '[i]n a complex lawsuit ... the representative need not have extensive knowledge of the facts of the case in order to be an adequate representative.") Moreover, Ms. Williams' counsel possess the necessary skill, expertise, experience, qualifications and resources to represent the interests of the Settlement Class. Adequacy of representation is therefore not an issue in this lawsuit.

4916-7657-3756.1

Finally, as the Fourth Circuit explained in *Brown v. Nucor Corp.*, 576 F.3d 149, 152 (4th Cir. 2009):

> [T]he final three requirements of Rule 23(a) tend to merge, with commonality and typicality serving as guideposts for determining whether . . . maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.

As commonality, typicality and adequacy of representation are all satisfied, it is evident that the Settlement Class's interests are being well looked after in this lawsuit.[6]

### 3.     The Requirements of Rule 23(b)(3) For the Settlement Class are Satisfied.

Rule 23(b)(3) provides a class action may be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

### d.     Common Questions Predominate

The predominance requirement determines whether the proposed class is "sufficiently cohesive to warrant adjudication by representation" and is satisfied when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 362 (4th Cir. 2004) The focus of this lawsuit is upon the common course of alleged conduct of Duke Health.[7]

---

[6] Additionally, under Rule 23(g)(4) "[c]lass counsel must fairly and adequately represent the interest of the class." Fed. R. Civ. P. 23(g)(4).

[7] Even if a patient voluntarily disclosed her own privacy information, that fact would not create individual defenses because the predicate for liability in this case, and privacy cases generally, is that it is the patient's choice to disclose protected data and it is actionable for a medical provider to intrude upon that choice regardless of what the plaintiff has chosen to do with her information. *See In re Hulu Privacy Litig.*, No. C 11-03764, 2014 WL 2758598, at *21 (N.D. Cal. Jun. 17, 2014) ("A user's independent actions do not alter the analysis of whether Hulu knowingly disclosed PIC).

15

4916-7657-3756.1

As the court recognized in *Doe v. Virginia Mason Medical Center*, a case involving some similar alleged claims albeit under different state law, predominance is satisfied in this type of action:

> The central common questions in this case—whether Virginia Mason bugged its web-property; whether Virginia Mason caused tracking cookies used by third parties to be deposited on and accessed from Plaintiffs' and class members' computing devices, whether Virginia Mason disclosed Plaintiffs' and class members' personally identifiable data and communications to third parties, and whether Virginia Mason accurately disclosed this practice in its privacy policies— will be answered with common evidence, including expert testimony and testimony of Virginia Mason employees about the source code on the web-property and the privacy policy disclosures, internal Virginia Mason documents, and evidence related to the third parties that obtained class members' data and communications. Any one of these common questions is sufficiently dominant to satisfy predominance.

2021 Wash. Super. LEXIS 4334 at *8-9 (Sept. 28, 2021).

e.     **A Class Action is the Superior Method for Adjudicating the Settlement Class Claims.**

A single action here would promote judicial efficiency. *See Lorenzo v. Prime Commc'ns, L.P.*, No. 5:12-CV-69-H(2), 2014 WL 10987818, at *6 (E.D.N.C. Jan. 15, 2014) ("[I]nterests of judicial efficiency would be promoted by having the putative class members' claims adjudicated in a single proceeding, rather than in multiple, individual suits."), *report and recommendation adopted*, No. 5:12-CV-69-H, 2014 WL 10935944 (E.D.N.C. Mar. 24, 2014), *amended*, No. 5:12-CV-69-H, 2018 WL 1535476 (E.D.N.C. Mar. 29, 2018).  The alternative, the specter of hundreds of thousands of individual actions, is no realistic alternative at all.

## V.  PLAINTIFF'S NOTICE FORM AND PLAN SATISFY THE REQUIREMENTS OF THIS COURT

As outlined above, the Notice provided satisfies Rule 23 requirements. The proposed Notices (Exhibits B and C to the Settlement Agreement) provide clear and accurate information as to: (1) a summary of the complaint and the nature and principal terms of the Settlement; (2) the

definitions of the Settlement Class; (3) the claims and defenses alleged; (4) the procedures and deadlines for opting-out of the proposed Settlement or submitting objections and the date, time and place of the Final Approval Hearing; and (5) the consequences of taking or foregoing the options available to Class Members. The proposed Notice informs Class Members about the attorneys' fees and costs that may be sought by proposed Class Counsel, pursuant to Fed. R. Civ. P. 23(h), and the identities and contact information for Class Counsel, Counsel for Defendant, and the Court. The Notice Program complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See, e.g.*, Manual Fourth § 21.311-21.312.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) preliminarily approve the proposed Settlement Agreement pursuant to Fed. R. Civ. P. 23(c) and (e); (2) preliminarily and conditionally certify the proposed Settlement Class; (3) approve the proposed Settlement Class Notice; (4) preliminarily approve Class Counsel and Plaintiff to represent the Settlement Class; and (5) schedule a Final Approval Hearing to consider final approval of the proposed Settlement, and approval of attorneys' fees, costs, and Service Awards.

Respectfully submitted this 2nd day of May 2025,

*/s/ James Harrell*
James Harrell, NC Bar No. 47787
Peter H. Burke*
**CR LEGAL TEAM, LLP**
2400 Freeman Mill Road, Suite 200,
Greensboro, NC 27406
Telephone: (366) 333-9899
JRHarrell@crlegalteam.com
Phburke@crlegalteam.com

4916-7657-3756.1

Karen Hanson Riebel*
Kate M. Baxter-Kauf*
Maureen Kane Berg*
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200,
Minneapolis, MN 55401
Telephone: (612) 339-6900
Khriebel@locklaw.com
Kmbaxter-kauf@locklaw.com
Mkberg@locklaw.com

*Special Appearances Entered*
    *Attorneys for Plaintiff and Proposed Class Counsel*

4916-7657-3756.1

## LOCAL RULE 7.3(d)(1) WORD COUNT CERTIFICATION

I hereby certify, on May 2, 2025, that this Brief complies with Local Rule 7.3(d)(1) in that it does not exceed 6,250 words in length, including the body of the brief, headings, and footnotes.


*/s/ James Harrell*
James Harrell

4916-7657-3756.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2025, I served a copy of the foregoing via electronic filing in the ECF system.

<div style="margin-left:45%">

*/s/ James Harrell*
James Harrell

</div>

4916-7657-3756.1