IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
AFRIKA WILLIAMS,                )
                                )
        Plaintiff,               )
                                )
    v.                           )    1:22-cv-727
                                )
DUKE UNIVERSITY HEALTH          )
SYSTEM, INC.,                    )
                                )
        Defendant.               )
```

## ORDER

This matter comes before the court upon Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 75.) Plaintiff Afrika Williams ("Plaintiff"), individually and on behalf of the proposed Settlement Class, and Defendant Duke University Health System, Inc. ("DUHS" or "Duke Health") have entered into a Settlement Agreement and Release, dated May 2, 2025 ("Settlement Agreement"), (see Doc. 76, Exh. 1; Doc. 76-1). Having considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel,

**IT IS HEREBY ORDERED** as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement[1].

2. The court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3. The court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiff's motion papers and briefs, and the declarations of counsel and the Claims Administrator. Based on its review of these papers, the court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations, conducted with the assistance of mediator Jill Sperber, Esq. over two mediation sessions. The first mediation session occurred on December 6, 2024, with the parties continuing settlement discussions thereafter. A second mediation

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement Agreement.

session occurred on February 25, 2025, at which time the basic terms of the Settlement were negotiated and finalized.

4. The court further observes that the Settlement Agreement is the product of an informal exchange of information between the Parties ahead of the mediation sessions. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class and fall within the range of possible approval as fair, reasonable, and adequate.

5. The court therefore **GRANTS** preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

## PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS

6. Pursuant to Federal Rule of Civil Procedure 23, the court preliminarily certifies, for settlement purposes only, the Settlement Class defined in the Settlement Agreement as follows: All individuals in the United States who logged into the Duke MyChart patient portal or MyDuke Health mobile app at least once between February 18, 2019 and June 17, 2022. Excluded from the Class are (i) Defendant, and Defendant's affiliates, parents, subsidiaries, officers, and directors; (ii) any judge, justice, or judicial officer presiding over this Litigation and the

members of their immediate families and clerks of said judge(s); and (iii) any individual who timely and validly excludes themselves from the Settlement.

7. The court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes only: the Settlement Class is comprised of approximately 872,634 individuals; there are questions of law or fact common to the Settlement Class; the claims of the Class Representatives are typical of those of Settlement Class Members; and the Class Representative will fairly and adequately protect the interests of the Settlement Class.

8. The court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3) for settlement purposes only: the questions of law or fact common to the Settlement Class predominate over individual questions; and given the amount at issue class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy.

9. The court hereby appoints Afrika Williams as the Class Representative of the Settlement Class. The court provisionally finds that the Class Representative is similarly situated to the

absent Settlement Class Members and therefore typical of the Class and that she will be an adequate Class Representative. Further, the court provisionally finds that Class Representative has no interest antagonistic to the absent Settlement Class Members.

10. The court finds the following counsel are experienced and adequate counsel and appoints them as Class Counsel for the Settlement: Peter H. Burke and James R. Harrell of CR Legal Team, LLP, located at 2400 Freeman Mill Road, Suite 200, Greensboro, NC 27406; and, Karen Hanson Riebel, Kate M. Baxter-Kauf, and Maureen Kane Berg of Lockridge Grindal Nauen P.L.L.P., located at 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401.

**NOTICE AND ADMINISTRATION**

11. Pursuant to the Settlement Agreement, Class Counsel will engage EPIQ ("Epiq") as the Settlement Administrator. Epiq was chosen as Settlement Administrator only after Class Counsel solicited and received three separate bids for settlement services. Epiq shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

12. The court finds that the Class Notice and Notice Program set forth in the Settlement Agreement satisfy the

requirements of due process and Rule 23 of the Federal Rules of Civil Procedure and provide the best notice practicable under the circumstances. The Class Notice and Notice Program are reasonably calculated to apprise Settlement Class Members of the nature of this Litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the processes for doing so, and the Final Approval Hearing. The court therefore approves the Class Notice and Notice Program and directs the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

13. The Settlement Administrator shall commence the Notice Program within the time required by the Settlement Agreement.

14. The court also approves the Claim Form.

**EXCLUSION AND OBJECTIONS**

15. Settlement Class Members who wish to opt out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator in writing, postmarked no later than May 11, 2026. To be valid, each request for exclusion must be made in writing and: (a) state the Settlement Class

Member's full name, address and telephone number; (b) include the case name and number of the Litigation (<u>Afrika Williams v. Duke University Health System, Inc.</u>, Case No. 1:22-cv-00727); (c) contain the Settlement Class Member's personal and original signature; and (d) state unequivocally the Settlement Class Member's intent to be excluded from the Settlement. All Requests for Exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion. Any request seeking exclusion of more than one Settlement Class Member will be invalid and rejected by the Settlement Administrator.

16. All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of a Final Approval Order and Judgment.

17. Settlement Class Members who wish to object to the Settlement may do so by submitting a written Objection to the court in accordance with the procedures outlined in the Class Notice, postmarked no later than May 11, 2026. Any Settlement Class Member wishing to comment on or object to the Settlement Agreement shall file their Objection with the court. All such written objections to the Settlement Agreement must include all of the following: (i) the Settlement Class Member's full name,

current address, telephone number, and email address; (ii) the case name and number of the Litigation (<u>Afrika Williams v. Duke University Health System, Inc.</u>, Case No. 1:22-cv-00727 (M.D.N.C.)); (iii) the Settlement Class Member's personal and original signature; (iv) a statement indicating the basis for the Settlement Class Member's belief that he or she is a member of the Settlement Class; (v) a statement of the legal and/or factual basis for the objection; (vi) a statement about whether the objection applies only to the Settlement Class Member, to a specific subset of the Settlement Class, or to the entire Settlement Class; (vii) if the Settlement Class Member is represented by an attorney, or received assistance from an attorney in drafting the objection, the name, address, telephone number, and email address of the attorney; and (viii) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing, and if so, whether personally or through his or her attorney.

18. If an objecting Settlement Class Member is represented by an attorney, and such attorney intends to speak at the Final Approval Hearing, the written objection must also include: (i) the identity of witnesses whom the Settlement Class Member intends to call to testify at the Final Approval Hearing; (ii) a

description of any documents or evidence that the Settlement Class Member intends to offer at the Final Approval Hearing; and (iii) a list, including case name, court, and docket number, of all other cases in which the Settlement Class Member or their attorney has filed an objection to any proposed class action settlement in the past three (3) years.

19. A copy of all papers objecting to the Settlement that were submitted to the court should also be served upon Class Counsel: Peter H. Burke and James R. Harrell of CR Legal Team, LLP, located at 2400 Freeman Mill Road, Suite 200, Greensboro, NC 27406; and, Karen Hanson Riebel, Kate M. Baxter-Kauf, and Maureen Kane Berg of Lockridge Grindal Nauen P.L.L.P., located at 100 Washington Avenue South, Suite 2200, Minneapolis, MN 55401 and Defendant's Counsel: Elizabeth A. Scully of BakerHostetler, 10505 Connecticut Ave., N.W., Suite 1100, Washington, D.C. 20036 and Mark E. Anderson of McGuire Woods LLP, 501 Fayetteville St., Suite 500, Raleigh, N.C. 27601.

20. Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Class Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to the Settlement, and shall be precluded

from seeking any review of the Settlement Agreement or the Final Approval Order by appeal or other means.

## FINAL APPROVAL HEARING

21. The court will hold a Final Approval Hearing on June 29, 2026 at 10:00 a.m. in the United States District Court, for the Middle District of North Carolina, 324 West Market Street, Greensboro, North Carolina 27401, Courtroom One.

22. At the Final Approval Hearing, the court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) the preliminary appointment of Class Counsel should be made final; (d) the preliminary appointment of the Class Representative should be made final; (e) Class Counsel's motion for Attorneys' Fees and Litigation Expenses should be granted; (f) the Service Awards sought for Class Representative should be granted; and (g) a final judgment should be entered.

23. The court reserves the right to continue the date of the Final Approval Hearing without further notice to Settlement Class Members.

**DEADLINES, INJUNCTION & TERMINATION**

| From Order Granting Preliminary Approval | |
|---|---|
| Defendant will provide the list of available addresses for Settlement Class Members to the Settlement Administrator | +30 Days |
| Defendant's payment of Settlement Fund to Settlement Administrator | +30 Days |
| Notice Date | +60 Days |
| Class Counsel's Motion for Attorneys' Fees, Expenses and Settlement Class Representative Service Award | +105 Days |
| Objection Deadline | +120 Days |
| Opt-Out Date | +120 Days |
| Claim Deadline | +150 Days |
| | |
| **Final Approval Hearing** | 160 Days from Order Granting Preliminary Approval |
| Motion for Final Approval | 14 Days before Final Approval Hearing |
| | |
| **From Effective Date** | |
| Payment of Attorneys' Fees and Litigation Expenses and Settlement Class Representative Service Awards | +30 Days |
| Mailing of Settlement Payments to Claimants | +30 Days |
| Cy Pres Distribution of the Residual Funds | +120 Days after the issuance of the last settlement payment to a Class Member |
| Deactivation of Settlement Website | +120 Days |

24. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby **STAYED** and **SUSPENDED** until further order of the court.

25. All Settlement Class Members who do not validly opt out and exclude themselves are hereby **ENJOINED** from pursuing or

- 11 -

prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the court.

26. In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement: (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in the Litigation or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation (including any briefs filed in support of preliminary or final approval of the Settlement) shall be (i) admissible into evidence for any purpose in this Litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination, (ii) deemed an admission or concession by any Settling Party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (iii) deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the

- 12 -

Case 1:22-cv-00727-WO-JEP   Document 77   Filed 01/08/26   Page 12 of 13

Litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED.**

This the 8th day of January, 2026.

```
               _____
                    William L. Osteen, Jr.
                   United States District Judge
```